IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Jerome Cunningham, #02433-135, ) | CIVIL ACTION NO. 9:16-3647-RMG-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **SUPPLEMENTAL** |
| ) | **REPORT AND RECOMMENDATION** |
| Thomas R. Kane, Helen J. Marberry, ) | |
| Travis Bragg, M. Furman, and K. Parra, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This action has been filed by the Petitioner, pro se. Petitioner is an inmate with the

Federal Bureau of Prisons (BOP), and seeks herein a writ of mandamus pursuant to 28 U.S.C. § 1361,

which provides district courts with "original jurisdiction of any action in the nature of mandamus to

compel an officer or employee of the United States . . . to perform a duty owed to the [petitioner]."

Respondents filed a motion to dismiss this case for failure of the Petitioner to exhaust

his administrative remedies. Cf. Heckler v Ringer, 466 U.S. 602, 616 (1984) [The common law writ

of mandamus, as codified in § 1361, only provides a remedy "if [the petitioner] has exhausted all

other avenues of relief"]. As the Petitioner is proceeding pro se, a Roseboro order was entered by the

Court on June 1, 2017, advising Petitioner of the importance of a dispositive motion and of the

necessity for him to file an adequate response. Petitioner was specifically advised that if he failed

to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner

thereafter filed a response in opposition to the motion on June 26, 2017. Respondents filed a reply



on July 5, 2017, and Petitioner filed a sur reply on July 17, 2017.

On July 19, 2017, the undersigned issued a Report and Recommendation recommending that the Respondents' motion to dismiss be denied. Respondents thereafter filed an objection on August 2, 2017, attaching an affidavit and a copy of a policy as evidence. The Honorable Richard M. Gergel, United States District Judge, then issued an Order finding that although

> attempts to introduce new evidence after the magistrate judge has acted are disfavored, *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010), [ ], because exhaustion is a statutory requirement, 42 U.S.C. § 1997e(a), the Court DECLINES TO ADOPT the Report and Recommendation and RECOMMITS the motion to dismiss to the Magistrate Judge, so that the Magistrate Judge may consider Respondent's new arguments and evidence.

Petitioner also filed a Reply brief that same day.

This matter is now again before the Court for disposition.[1]

### **Background**

The record before the Court shows that Petitioner was sentenced by the United States District Court for the District of Columbia on February 20, 1973, to a 5 to 15 year term of imprisonment for a violation of DC ST § 22-2801 (Carnal Knowledge). See Respondents' Exhibit 1, p. 2.[2] Thereafter, on March 23, 1973, Petitioner was sentenced to consecutive sentences for a total

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondents have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] The Court can consider Respondents' court record exhibits without converting Respondents' motion to a Rule 56 motion for summary judgment. Lowman v. City of Riveria Beach, 713 F.3d 1066, 1075 n. 9 (11th Cir. 2013) [holding that a district court may take judicial notice of public filings, such as other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary

(continued...)



aggregated term of forty-five (45) years to life imprisonment with a mandatory minimum of forty (40) years for 2 counts of Murder I in violation of DC ST ¶ 22-2404 and Armed Robbery in violation of DC ST § 22-3202 and 2901.  <u>See</u> Respondents' Exhibit 1, p. 3.  Petitioner was then sentenced on June 15, 1973, to a 1 year term of imprisonment by the United States District Court for the Eastern District of Virginia for Escape in violation of 18 U.S.C. § 751(a).

On February 15, 1974, Petitioner was sentenced by the United States District Court for the Eastern District of Virginia to twenty (20) years for Escape (in violation of 18 U.S.C. § 751), Assault on a Correctional Officer (in violation of DC ST § 22-5-5 & 18 U.S.C. § 2), Transportation of Stolen Motor Vehicles (in violation of 18 U.S.C. § 2312), Carrying a Firearm During the Commission of a Felony (in violation of 18 U.S.C. 924(c)(2)), and Transportation of Stolen Firearms (in violation of 18 U.S.C. § 922(I) and (924(a)).  <u>See</u> Respondents' Exhibit 1, p. 4.  Petitioner was next sentenced on March 19, 1974, to a three (3) year term of imprisonment by the United States District Court for the District of Columbia for Assault and Interfering with a Federal Officer in violation of 18 U.S.C. § 111.  <u>See</u> Respondents' Exhibit 1, p. 5.

On July 11, 1975, the Petitioner was sentenced to a twelve (12) year term of imprisonment by the United States District Court for the Eastern District of Virginia for Assault on a Correctional Officer with a Dangerous Weapon in violation of DC ST § 22-505(b).  <u>See</u> Respondents' Exhibit 1, pp. 5-6.  Petitioner was then sentenced on October 8, 1975, to a term of 6 months imprisonment by the District of Columbia Superior Court for Simple Assault.  <u>See</u>

---

[2](...continued)
judgment]; <u>Sutton ex.rel. Rose v. Wachovia Securities, LLC</u>, 208 Fed.Appx. 27, 29-30 (2d Cir. Dec. 7, 2006) [Court could consider other court records as public records on motion to dismiss]; <u>cf.</u> <u>Jones v. Dalrymple</u>, No. 14-1245, 2015 WL 1706924 at * 3 (D.Kan. Apr. 15, 2015) [Court took judicial notice of the state court records in prior case involving same or relate parties].



Respondents' Exhibit 1, p. 6.

Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina. Petitioner requests that the Court direct the Respondents to provide a main law library and a legal aid program at FCI Bennettsville. <u>See</u> Complaint, pp. 1-2. Petitioner also seeks the immediate implementation of a main law library and legal aid program; allocation of proper funding to hire legal aides; removal of Respondent Parra from supervision of the law library at FCI Bennettsville; the costs of this civil action if the Respondents lose; and the appointment of a special master to ensure the Respondents perform the ministerial duty owed to him. <u>See</u> Complaint, pp. 12.

## <u>Discussion</u>

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Petitioner. The motion can be granted only if the Petitioner has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto,</u> 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); and as the Petitioner is proceeding <u>pro se</u>, his pleadings are considered pursuant to this liberal standard. Even so, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Respondents argue that this case is subject to dismissal for failure of the Petitioner to



exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Petitioner may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Respondents have the burden of showing that Petitioner failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). In an effort to meet this burden, the Respondents submitted copies of Petitioner's administrative record as part of their initial filing.[3] The Court also noted in the original Report and Recommendation that Petitioner had himself voluntarily dismissed a prior action asserting similar claims (although all but one of the

---

[3] Although this is a Motion to Dismiss, the undersigned considered this evidence in issuing the original Report and Recommendation. See Spruill v. Gillis, 372 F.3d 218, 223 (3rd. Cir. 2004) [Noting that "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to [prisoner's] grievances, we hold that we may [ ] consider these without converting [the motion to dismiss] to a motion for summary judgment"].



Respondents differed) in order to exhaust his administrative remedies; <u>see</u> Civil Action No. 9:15-cv-4439-RMG-BM; and there appears to be no dispute that Petitioner did exhaust his administrative remedies, at least through his appeal to the Regional Director.[4] Rather, the parties' disagreement centers on what occurred after Petitioner's appeal to the Regional Director was denied on July 1, 2016. <u>See</u> Respondents' Exhibit 3, ¶ ¶15-17; and Attachment G, Response to Regional Administrative Remedy Appeal, 857184-R2.

The Respondents contend that Petitioner appealed the Regional Director's appeal to the Central Office via a BP-11 that was not received by the Central Office until September 9, 2016. <u>See</u> Respondents' Exhibit 3, ¶ ¶ 15-16, and Attachment H. Respondents assert that this appeal was then rejected for several reasons, including: that although Petitioner's Regional response was dated July 1, 2016, his BP-11 appeal was not received at the Central Office until September 9, 2016, which was 70 days later; that the appeal was untimely and Petitioner did not provide staff verification stating the reason the filing was untimely was not Petitioner's fault; and that Petitioner did not provide a copy of the institution administrative remedy request or the regional appeal. <u>See</u> Respondents' Exhibit 3, ¶ 16, and Attachment H. Respondents also assert that Petitioner never attempted to re-file his BP-11 with a memorandum to show why the untimeliness of the appeal was not his fault. <u>See</u> Respondents' Exhibit 3, ¶ 17, and Attachment A. Therefore, Respondents contend

---

[4]This Court can take judicial notice from other cases filed in this Court that the Federal Bureau of Prisons has a tiered administrative grievance process which consists of the inmate initially informally attempting to resolve the complaint at the institutional level, then filing an administrative remedy with the Warden of the institution, then filing an appeal of any adverse decision to the Regional Director, and finally (if still dissatisfied) by appealing the Regional response to the Central Office. <u>See</u> 28 C.F.R. § 542.10, <u>et</u>. <u>seq</u>.; <u>see</u> <u>also</u> <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. The appeal to the Central Office is the final level of agency review.



that Petitioner failed to properly exhaust his administrative remedies.

Petitioner asserts that his appeal to the Central Office *was* submitted timely. In support of this contention, Petitioner attached to his Complaint a copy of his appeal, which is dated July 26, 2016,[5] as well as a follow up affidavit Petitioner states that he sent on September 7, 2016[6] inquiring as to why he had not received a response to his BP-11 form that he had submitted "40 days ago." See Court Docket Nos. 1-1; 1-2, p. 11; see also Court Docket No. 29-1. In this September 7, 2016 affidavit, which is addressed to the Office of General Counsel, Petitioner states his intent to file this legal action if he did not receive a response to his appeal. See Court Docket Nos. 1-1, 29-1. Petitioner further asserts that after he thereafter received no response, pursuant to 28 C.F.R. § 542.18 he was not required to wait or take any further administrative action, and he proceeded to file this action.[7] See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance],

---

[5] Petitioner's appeal was denied by the Regional Director on July 1, 2016. See Respondents' Exhibit 3, Attachment G. Petitioner thereafter had thirty (30) days to file an appeal of this decision to the Central Office. See Respondents' Exhibit 3, ¶ 4. Petitioner's appeal is dated within this time period.

[6] In addition to factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any document that is "integral to and explicitly relied on in the complaint." Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999); Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Hence, as an attachment to Petitioner's Complaint, this affidavit can be considered in deciding Respondents' motion to dismiss.

[7] At the General Counsel level, a response is due within 40 calendar days of when it is logged into the Administrative Remedy Index. See 28 C.F.R. § 542.18. Petitioner contends that since he did not receive a timely response, he was allowed to proceed with the filing of this lawsuit without further delay. See 28 C.F.R. § 542.18 ["If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."]. Although an extension may be granted at that level for 20 days, neither party has alleged that an extension was granted.



cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable].

As noted, after the initial Report and Recommendation was entered in this case, Respondents submitted an Affidavit from Ian Connors, the National Inmate Appeals Administrator.[8] Connors attests in this affidavit that his staff date stamps a Central Office Remedy Appeals (BP-11) when it is received, that the staff does not hold on to unopen appeals from inmates, and that his records reflect that his Office received the BP-11 from the Petitioner on September 9, 2016 as documented by the date stamp on the BP-11. See Connors Affidavit, ¶¶ 3-5. Connors also attests that "[i]n accordance with policy, a receipt is automatically generated via SENTRY once an appeal is accepted" and "that Unit Managers are responsible for ensuring notices, such as receipts from the Central Office, are printed and delivered daily for inmates in their unit". See Connors Affidavit, ¶¶ 6-7; see also Court Docket No. 35-2, p. 3. Connors continues attesting that "when the Petitioner did not receive a SENTRY acceptance notice from his Unit Manager 30 days after he mailed his BP-11, he should have asked his Unit Manager to check on SENTRY to see if his BP-11 had been accepted

---

[8]The Respondents' new exhibit submitted as part of their objections to the original Report and Recommendation is an Affidavit with factual representations, which Petitioner contests. Therefore, it does not appear that this exhibit can be properly considered absent a conversion of Respondents' motion to one for summary judgment, and when a motion to dismiss is converted to a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). A 'reasonable opportunity' requires that all parties be given an indication by the court that it intends to treat the motion as one for summary judgment, "with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." Id. This motion has not been converted to a summary judgment motion. However, since Respondents' new evidence does not change the recommendation herein, it is being discussed and addressed herein anyway. If, however, the Court disagrees with the ultimate recommendation herein that this evidence does not provide a basis for dismissal of Petitioner's case for failure to exhaust, then if this new evidence is to be considered, the Petitioner should be provided with an opportunity to submit additional evidence and perhaps engage in some discovery, before any final order dismissing his case is entered.



by the Central Office", or "Petitioner could have also asked the Administrative Remedy Coordinator at the institution, who would have easily been able to pull up his administrative remedy history and check on the status." <u>See</u> Connors Affidavit, ¶¶ 8-9.

Connors attests that his office did not receive Petitioner's Affidavit dated September 7, 2016, and it would be very rare that such an Affidavit would have been received by the Central Office only two days later on September 9, 2016. <u>See</u> Connors Affidavit, ¶¶ 10-11. Connors attests that when a BP-11 does not meet the requirements set forth in the policy, the entire packet is returned to the inmate along with the Rejection Notice specifying the reasons why it was rejected, and a copy of the appeal packet along with the rejection notice is not maintained at any level, because it is all returned to the inmate. <u>See</u> Connors Affidavit, ¶ 12; <u>see also</u> Court Docket No. 35-2, pp. 8-9. Connors also attests that Petitioner "obviously received his entire packet of his Appeal including his BP-11 because he submitted the only copy of the BP-11" and that along with the packet, Petitioner would have received a Rejection Notice specifying each reason why his BP-11 was rejected. <u>See</u> Connors Affidavit, ¶ 13.

Finally, Connors then attests that an Administrative Remedy Update which lists the reasons why an appeal is rejected is available to staff on SENTRY with the reasons stated in letter acronyms. <u>See</u> Connors Affidavit, ¶ 15. Connors attests that a review of the Update on Petitioner's BP-11 shows IRQ, which means a copy of the BP-9 was not included in the appeal; RAP, which means a copy of the Regional Appeal was not included with the appeal; UTA, which means the appeal was untimely; MEM, which means the Petitioner could provide staff verification stating the reason the appeal was untimely was not his fault; and OTH, which references the following remarks: "YOUR REGIONAL IS DTD (dated) 7-1-16, YOUR BP-11 WAS REC'D ON 9-9-16, 70 DAYS



LATER." See Connors Affidavit, ¶ 16. Connors attests that a review of SENTRY indicates that Petitioner never re-submitted his appeal with verification from staff that the untimeliness of his appeal was not his fault. See Connors Affidavit, ¶ 17.

After careful review of the exhibits and arguments submitted on this issue, the undersigned continues to find that the Respondents are not entitled to a dismissal of this action on the basis of failure to exhaust at this time. Although the Petitioner's BP-11 form appeal is not stamped as having been received until September 9, 2016, it is nonetheless dated July 26, 2016. See Court Docket Nos. 1-2, p. 11. Moreover, while Respondents assert that they did not receive this form until September 9, 2016, and that the date stamp supports this assertion, Petitioner alleges that he timely submitted his appeal, an allegation supported by the July 26, 2016 date on the appeal itself. Petitioner would of course thereafter have no control over the prison's receipt and docketing process or procedures. Petitioner also contests that he ever received a Rejection Notice with the original B-11 form, as Connor now attests. See Complaint, pp. 4-5; Response to Respondents' Objection, pp. 2-3; see also Petitioner's Memorandum in Opposition, p. 3. Further, despite Respondents' argument that they never received Petitioner's September 7, 2016 Affidavit, Petitioner alleges that he sent that Affidavit in order to check on the status of his appeal and to notify the Central Office that he was planning to file this action due to their failure to timely respond to his appeal.

In sum, Petitioner alleges that he timely submitted his appeal to the Central Office and never received a response, allegations consistent with the exhibits attached to his Complaint and the representations that he made to the Court shortly thereafter when he filed this action. The undersigned also notes that Petitioner previously voluntarily dismissed a prior action specifically in order to exhaust his administrative remedies. Although Respondents contest these allegations, on



10

a motion to dismiss the Court is required to accept the allegations in the pleadings as true, and to further draw all reasonable factual inferences in the Petitioner's favor. See Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege a claim, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]; Austen v. Catterton Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010) [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [to support Plaintiff's claims]"].

      Therefore, based on a review of Petitioner's Complaint (with attachments) and the filings in this case, and since the Respondents have the burden of proof to show a failure to exhaust, the undersigned again does not find that Respondents have established that Petitioner failed to exhaust his administrative remedies sufficient to entitle them to a dismissal of this case at this time. Anderson, 407 F.3d at 683 [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; see Francis, et al, v. Giacomelli, No. 08-1908, 2009 WL 4348830 (4th Cir. Dec 2, 2009) [Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; see also Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).



## **Conclusion**

Respondents have not met their burden of showing a failure to exhaust in this case.

Therefore, the motion to dismiss should be **denied.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 18, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

      The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

      Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

      **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).