IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Eugene Jerome Cunningham, *#02433-135*, ) | Civil Action No. 9:16-3647-RMG |
| Petitioner, ) | |
| v. ) | **ORDER AND OPINION** |
| Thomas R. Kane, Helen J. Marberry, Travis ) Bragg, M. Furman, and K. Parra, ) | |
| Respondents. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending denial of Respondents' motion to dismiss. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

Petitioner seeks a writ of mandamus under 28 U.S.C. § 1361 to compel Respondents to provide a main law library, legal aid program, funding to hire legal aides, and to remove Respondent Parra from supervision of the law library. Petitioner also seeks appointment of a special master to supervise Respondents. Respondents have moved to dismiss the petition, asserting Petitioner has failed to exhaust his administrative remedies before filing this lawsuit.[1] On July 19, 2017, the Magistrate Judge recommended that Respondents motion to dismiss be denied. Respondents filed objections to the Report and Recommendation and the Court recommitted this matter to the Magistrate Judge for consideration of Respondents' objections. On

---

[1] Respondents did not move to dismiss for any reason other than failure to exhaust administrative remedies.

August 18, 2017, the Magistrate Judge again recommended that Respondents' motion to dismiss be denied. Respondents have not objected to the second Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks

and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## C. Exhaustion

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Before a prisoner may prosecute a claim before a district court, he must first have exhausted the administrative remedies available at the prison. Failure to exhaust administrative remedies is an affirmative defense and the Government has the burden of showing that a prisoner has failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 212 (2007).

## III. Discussion

The Bureau of Prisons has a tiered administrative grievance process which consists of the inmate first attempting information resolution of his complaint, then filing an administrative remedy with the warden of his institution, then filing an appeal of any adverse decision to the regional director, and finally by appealing the regional director's decision to the Central Office. *See* 28 C.F.R. § 542.10, *et. seq.* The appeal to the Central Office is the final level of agency review

There is no dispute Petitioner exhausted his administrative remedies through his appeal to the regional director. Respondents assert Petitioner's appeal of the regional director's decision to the Central Office was not received under September 9, 2016 and that it was rejected as untimely, that it was defective because it did not include a copy of the proceedings below, and that Petitioner never sought to cure the deficiencies or explain the untimeliness. Petitioner asserts that his appeal was timely submitted, that he received no response to it, and that under 28 C.F.R. § 542.18 he was not required to take any further administrative action.

Both parties have submitted exhibits and arguments supporting their assertion. After careful review of the exhibits and arguments, the Magistrate Judge determined Respondents have not met their burden to show Petitioner has failed to exhaust administrative remedies. The Magistrate Judge notes that Petitioner alleges that he timely submitted his appeal to the Central Office and never received a response and that those allegations are consistent with the exhibits attached to his Complaint, and that Petitioner previously voluntarily dismissed a prior action specifically to exhaust his administrative remedies. When considering a motion to dismiss the Court is required to accept the allegations in the pleadings as true, and to further draw all reasonable factual inferences in the Petitioner's favor. The Court therefore adopts the Report and Recommendation and denies Respondents motion to dismiss. Respondents may renew their exhaustion argument in a motion for summary judgment after discovery.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 40) as the Order of the Court, **DENIES** Respondents' motion to dismiss (Dkt. No. 26), and **RECOMMITTS** this matter to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 5, 2017
Charleston, South Carolina