IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Jerome Cunningham, #02433-135, ) | Case No.: 9:16-3647-RMG |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| Thomas R. Kane, Helen J. Marberry, ) Travis Brigg, M. Furman, and ) K. Parra, ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 62) recommending that Defendants' motion for summary judgment be granted. Plaintiff has filed objections to the R. & R., arguing that summary judgment should not be granted in this matter and that discovery be allowed. (Dkt. No. 64). For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

**I. Legal Standards**

    **a. *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure to set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. Discussion

Plaintiff, a prisoner at Federal Correctional Institution ("FCI") in Bennettsville, South Carolina, seeks a writ of mandamus *pro se* directing Defendants, officials at FCI Bennettsville, to provide a main law library and a legal services program. As the Magistrate Judge ably sets forth in the R. & R., the uncontested record evidence demonstrates that Defendants have provided library facilities in accord with the non-discretionary policies of the Bureau of Prisons ("BOP") and that the BOP has no legal duty to establish a legal service program for inmates. (Dkt. No. 62 at 9-13). Consequently, the Plaintiff has failed to show the existence of a legal duty which would make imposition of the drastic remedy of mandamus appropriate in this case. *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976).

Plaintiff argues that the Court should permit discovery to allow him to develop evidence in his case. However, it is clear as a matter of law that he is not entitled to the issuance of a writ of mandamus regarding his desired organization of the prison library or of the creation of a prison legal services program. No amount of discovery will alter this conclusion.

## III.  Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 62) as the order of the Court. Defendants' motion for summary judgment (Dkt. No. 45) is granted and this action is hereby dismissed.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 23, 2018
Charleston, South Carolina